UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JEAN CLAUDE WEST,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARTINEZ, *et al.*,<br><br>　　　　Defendants. | Case No. 2:23-cv-01489-GMN-EJY<br><br>**ORDER** |

　　　　Pending before the Court is Plaintiff's Motion for Appointment of Counsel. ECF No. 10. In the Motion, Plaintiff asserts he lacks the ability to articulate his claims in light of the complex legal issues involved, that he suffers from mental health disabilities, and that he was shot in the head. *Id.*

　　　　As a general proposition, a civil litigant has no right to counsel. *Lassiter v. Dep't of Social Services of Durham Cnty.*, 452 U.S. 18, 30 (1981); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). A court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

　　　　The Court finds Plaintiff's instant Motion fails to establish the extraordinary circumstances to support appointment of counsel. The lack of adequate legal knowledge, even assuming a case is legally complex, is not an exceptional circumstance "in light of the legal competence of most prisoners in similar situations." *Zamaro v. Moonga*, 656 Fed.Appx. 297, 299 (9th Cir. 2016). And, "the Constitution does not require the elimination of all economic, intellectual, and technological barriers to litigation." *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1989). *See also Perez v. Nash*, Case No. 21-cv-00075-RFB-VCF; *see also Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990) (finding that prisoner litigants' lack of a legal education does not constitute exceptional circumstances).

Moreover, the Court notes Plaintiff's *in forma pauperis* ("IFP") status remains at issue. On November 8, 2023, Plaintiff was instructed to either pay the filing fee or file a complete IFP application including his financial certificate and inmate trust account statement no later than January 16, 2024. ECF No. 8. The financial certificate and inmate trust account statement provided by Plaintiff at ECF Nos. 7 and 9, together with the IFP application at ECF No.1 comprise a complete IFP application demonstrating Plaintiff's inability to prepay the filing fee in this matter. Thus, Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. However, Plaintiff must make payments toward the $402 filing fee when he has funds available. The Court will screen Plaintiff's Complaint (ECF No. 1-1) and separately issue a screening order.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Appointment of Counsel (ECF No. 10) is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF Nos. 1, 7, 9) is GRANTED; provided, however, that *in forma pauperis* status will not be extended to the issuance and/or service of subpoenas at government expense.

IT IS FURTHER ORDERED that Plaintiff will not be required to pay an initial installment fee; however, the filing fee is still due under 28 U.S.C. § 1915 as amended by the Prisoner Litigation Reform Act. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefore.

The Court will issue a screening order regarding Plaintiff's Complaint.

DATED this 22nd day of February, 2024.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE