UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| JEAN CLAUDE WEST,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARTINEZ, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:23-cv-01489-GMN-EJY<br><br>**ORDER**<br><br>and<br><br>**REPORT AND RECOMMENDATION** |

I.  **The Screening Standard Applicable to Plaintiff's Complaint**.

Pending before the Court is Plaintiff's Civil Rights Complaint (ECF No. 1-1) that is screened under 28 U.S.C. § 1915(e)(2).[1] In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff.  *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).  Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide

---

[1] Plaintiff's *in forma pauperis* application was granted on February 22, 2024.  ECF No. 11.

more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*; *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**II.     Summary of Plaintiff's Complaint**.

Plaintiff's Complaint states two causes of action alleging violations of the Eighth Amendment. However, a review of Plaintiff's first cause of action speaks mostly of the force used when he was arrested; although it mentions that while in an ambulance an EMT put "blue things" on his arm and that he "couldn't breathe." ECF No. 1-1 at 3. Otherwise, Plaintiff claims when he arrived at UMC a "C.S.I." asked him questions about what happened and took pictures of his injuries. *Id*. Plaintiff says there should be body camera video of what happened to him. *Id*.

Plaintiff's second cause of action alleges that after arriving at UMC, he received an MRI and x-rays, but was not given medical treatment. *Id*. at 4. Plaintiff then states Las Vegas Metropolitan Police Department ("LVMPD") "John Doe Officer" signed him out of the hospital and he was taken to jail. *Id*. Plaintiff says "the doctor … stamped that he took care of my wounds on May 17, 2022" but that is "not true." *Id*.

**III.    Analysis of Plaintiff's Claims**.

    **A.**     <u>Official Capacity Claims Fail as a Matter of Law</u>.

Plaintiff indicates he sues Defendants in their official capacities for monetary damages as well as for injunctive relief. To the extent Plaintiff seeks money damages from any defendant in his/her official capacity, the claim is barred by the Eleventh Amendment to the U.S. Constitution. *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Thus, Plaintiff's claims seeking money damages against Defendants in their official capacities fail as a matter of law. The Court recommends dismissing these claims with prejudice.

    **B.**     <u>Plaintiff's Potential Fourth Amendment Excessive Force Claim</u>.

The Fourth Amendment guarantees a citizen's right to be free from "unreasonable searches and seizures." U.S. CONST. amend. IV. The "reasonableness" of a particular seizure, including an arrest of a person, "depends not only on when it is made, but also on how it is carried out." *Graham v. Connor*, 490 U.S. 386, 395 (1989) (internal citations omitted). The relevant inquiry is "whether

the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." *Id.* at 397 (citing *Scott v. United States*, 436 U.S. 128, 137–139 (1978); *Terry v. Ohio*, 392 U.S. 1, 21 (1968)).

"In determining the reasonableness of a seizure effected by non-deadly force, [a court must] balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing government interests at stake." *Miller v. Clark Cnty.*, 340 F.3d 959, 964 (9th Cir. 2003) (internal citation and quotation marks omitted). Courts evaluate the strength of the government's interest in using force by examining three primary factors: (1) "whether the suspect poses an immediate threat to the safety of the officers or others," (2) "the severity of the crime at issue," and (3) "whether he is actively resisting arrest or attempting to evade arrest by flight." *Glenn v. Wash. Cnty.*, 673 F.3d 864, 872 (9th Cir. 2011) (quoting *Graham*, 490 U.S. at 396). The "most important" factor in assessing the reasonableness of a seizure is whether the individual posed an "immediate threat to the safety of the officers or others." *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010) (internal citation and quotation marks omitted). These factors are not exclusive. Courts "examine the totality of the circumstances and consider whatever specific factors may be appropriate in a particular case." *Id.* (internal citation and quotation marks omitted).

Here, Plaintiff does not state he raises a Fourth Amendment excessive force claim. However, even if the Court construes Plaintiff's claim under the Fourth Amendment, Plaintiff alleges insufficient facts preventing the Court from assessing whether the force used was at least facially excessive. Thus, to the extent Plaintiff seeks to assert a Fourth Amendment excessive force claim, it is dismissed without prejudice and with leave to amend.

        C.    <u>Plaintiff's Potential Fourteenth Amendment Due Process Claim Based on Inadequate Medical Care</u>.

Pretrial detainees who have not been convicted of a crime have a Fourteenth Amendment due process right to adequate medical care. *Sandoval v. Cnty. Of San Diego*, 985 F.3d 657, 667 (9th Cir. 2021). In order to state such a claim, Plaintiff must allege: "(1) [t]he defendant made an intentional [medical treatment] decision with respect to the conditions under which the plaintiff was confined; (2) [t]hose conditions put the plaintiff at substantial risk of suffering serious harm; (3) [t]he

3

defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) [b]y not taking such measures, the defendant caused the plaintiff's injuries." *Id.* at 669 (quoting *Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018)). "To satisfy the third element, the plaintiff must show that the defendant's actions were objectively unreasonable, which requires a showing of more than negligence but less than subject intent—something akin to reckless disregard." *Id.* (internal quotations omitted).

Plaintiff pleads no facts suggesting, let alone alleging, that there was an intentional decision not to treat conditions from which he suffered once confined. Plaintiff also does not state he suffered substantial risk of serious harm or that any defendant failed to take reasonable measures to abate that risk. In sum, Plaintiff's claims, if they are intended to assert a Fourteenth Amendment due process claim based on inadequate medical care, fails to assert facts supporting such a claim. This claim is dismissed without prejudice, but with leave to amend.

D.  <u>Plaintiff's Apparent Claims Against LVMPD</u>.

The Court finds to the extent Plaintiff alleges a claim against LVMPD, his claim fails. To state a claim against LVMPD as a police department, Plaintiff must allege his constitutional rights were violated based on conduct conforming to an unconstitutional official policy, custom, or practice. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-91 (1978); *Shah v. Cnty. of Los Angeles*, 797 F.2d 743, 747 (9th Cir. 1986). As explained by the Ninth Circuit, a litigant may recover from a municipality under § 1983 on one of three theories of municipal liability. *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249 (9th Cir. 2010). "First, a local government may be held liable 'when implementation of its official policies or established customs inflicts the constitutional injury.'" *Id.* (quoting *Monell*, 436 U.S. at 708 (Powell, J. concurring)). "Second, under certain circumstances, a local government may be held liable under § 1983 for acts of omission, when such omissions amount to the local government's own official policy." *Id.* "Third, a local government may be held liable under § 1983 when 'the individual who committed the

constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'" *Id.* at 1250 (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992)).

Plaintiff's Complaint alleges no facts demonstrating implementation of an official policy or established customs that inflicts a constitutional injury. Plaintiff also fails to allege any facts demonstrating acts of omission that amount to LVMPD's official policy. And, Plaintiff fails to allege that any individual who supposedly committed a constitutional tort was an official with final policy-making authority or that such official ratified a subordinate's unconstitutional decision or action. In sum, Plaintiff fails to allege factual support for his *Monell* claim against the LVMPD. Based on the foregoing, the Court recommends Plaintiff's claims against LVMPD be dismissed without prejudice but with leave to amend.

**IV.    Order**

IT IS HEREBY ORDERED that Plaintiff's Complaint at ECF No. 1-1 is dismissed without prejudice and with leave to amend, with the exception of Plaintiff's claims against Defendants in their official capacity seeking money damages, which, as stated below, should be dismissed with prejudice.

IT IS FURTHER ORDERED that if Plaintiff seeks to file a first amended complaint he must do so no later than **April 22, 2024**. The first amended complaint must be complete in and of itself. Plaintiff must include all facts and all causes of action against each defendant he wishes to name. The Court cannot rely on Plaintiff's original Complaint for any purpose when deciding whether the first amended complaint states a claim for relief.

IT IS FURTHER ORDERED that if Plaintiff fails to timely comply with the terms of this Order, the Court will issue a report and recommendation recommending this case be dismissed in its entirety without prejudice.

**V.    Recommendation**

IT IS HEREBY RECOMMENDED that Plaintiff's claims against Defendants in their official capacities seeking money damages be dismissed with prejudice because it is barred as a matter of law.

DATED this 4th day of March, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).